# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON L. APODACA,<br><br>    Plaintiff,<br><br>v.<br><br>CAPTAIN S. SPEIDELL, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00083-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION AND REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 3) |

Aaron L. Apodaca ("Plaintiff") is currently confined in Avenal State Prison, and is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 18, 2018, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 93. Plaintiff asks for appointment of counsel because he has been unable to afford counsel, the issues in this case are complex, he has limited access to the law library, no private attorneys have agreed to take his case, and because he has limited knowledge of the law.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

1

490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims (the complaint is awaiting screening). Moreover, while there are some issues, based on the complaint it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel and his request for counsel in his original complaint are DENIED without prejudice.

IT IS SO ORDERED.

Dated: **January 29, 2018**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE