1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10
11
12
13
14
15

AARON L. APODACA,

        Plaintiff,

    v.

CAPTAIN S. SPEIDELL, *et al.*,

        Defendants.

Case No. 1:18-cv-00083-EPG

**ORDER REQUESTING MORE INFORMATION CONCERNING PLAINTIFF'S PRISON SENTENCE**

(ECF No. 1)

**TWENTY-ONE DAY DEADLINE**

16

      Aaron L. Apodaca ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil

17
18

rights action pursuant to 42 U.S.C. § 1983 (§ 1983).  Plaintiff filed the Complaint commencing

this action on January 18, 2018.  (ECF No. 1).  Plaintiff challenges the disciplinary proceedings

19

against him that resulted in the loss of good-time credits.

20

      The Court requires additional information about Plaintiff's sentence in order to evaluate

21
22

whether Plaintiff's case can go forward as a § 1983 case.  In particular, the Court needs to

determine if success on Plaintiff's claim would necessarily lead to his immediate or earlier release

23

from confinement.

24

      Depending on the nature of the criminal sentence Plaintiff is serving, challenges to

25
26

disciplinary proceedings that result in the loss of good time credits must be filed as a writ of

habeas corpus (subject to exhaustion and other requirements for such petitions), rather than a §

27

1983 action.  In *Nettles v. Grounds*, the U.S. Court of Appeals for the Ninth Circuit summarized a

28

long line of U.S. Supreme Court precedent discussing the subject matter dividing lines between

1

petitions for writs of habeas corpus and § 1983 civil rights lawsuits. 830 F.3d 922, 927-30 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017).  The Ninth Circuit concluded in *Nettles* that "habeas is available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas." *Id*. at 930-31 (citations omitted).  A claim lies at the "core of habeas corpus" where "success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 929 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)).  Accordingly, challenges to the validity of prison disciplinary proceedings resulting in the loss of good-time credits lie at the "core of habeas corpus" and, therefore outside of the scope of § 1983, where the restoration of the good-time credits would necessarily affect the length of time to be served. *Id*. at 927-29.

Here, Plaintiff has brought § 1983 case requesting that his disciplinary infractions for refusing to take a "medical vest" and associated loss of good-time credits be invalidated.  If Plaintiff's good-time credits are restored, that may necessarily affect the length of his sentence, and thus only be cognizable through a habeas corpus petition.

However, it is possible that restoration of the good time credits may not necessarily result in a speedier release.  In *Nettles*, for example, the Ninth Circuit held that the prisoner's claim was outside of the "core of habeas" and, therefore, properly brought as a § 1983 case, where the prisoner was serving an indeterminate life sentence. *See id*. at 934–35.

Because Plaintiff has not included facts concerning the nature of the criminal sentence he is presently serving, the Court requests additional information to evaluate his claim.

Accordingly, the Court ORDERS as follows:

Within 21 days from the date of this order, Plaintiff shall file a response indicating the nature of his sentence, including whether it is for life or less than life, and whether it is determinate or indeterminate.  Plaintiff may also provide any additional information that would explain whether the restoration of good-time credits would necessarily affect the length of his sentence.

\\\

\\\

2

Failure to provide the requested information, as requested, may result in dismissal of this case.

IT IS SO ORDERED.

Dated:   **February 7, 2018**                    /s/ _Erica P. Grosjean_
                                                 UNITED STATES MAGISTRATE JUDGE