UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON L. APODACA,<br><br>    Plaintiff,<br><br>v.<br><br>CAPTAIN S. SPEIDELL, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00083-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 15 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed September 4, 2018, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff claims cruel and unusual punishment, violation of his due process rights, and violation of his right to free exercise of religion, but his allegations state no claim under federal law. Accordingly, we recommend that the complaint be dismissed with prejudice.

## I. STATEMENT OF FACTS[1]

Plaintiff was incarcerated at Valley State Prison in Chowchilla, CA ("VSP") during the relevant timeframe. ECF No. 15 at 1. Defendants are staff at VSP. *Id.* at 2. Plaintiff arrived at VSP from Centinela State Prison, where he had been disciplined for his refusal to wear a hearing aid or a vest. *See id.* at 3. On September 7, 2016, defendant Speidell told plaintiff "to take a medical (hearing impaired) vest" and plaintiff refused. *Id.* As a result, plaintiff lost privileges to use the phone, yard, and dayroom for thirty days. *See id.*

On May 10, 2017, defendants Brown and Waybright "called plaintiff out of his dorm" and attempted "to issue the medical (hearing impaired) vest" that plaintiff had previously refused. *Id.* at 7. Plaintiff protested, and defendant Brown issued a rules violation report ("RVR"). *See id.* Defendant Waybright fired plaintiff from his job assignment after the RVR was heard. *See id.* On June 4, 2017, defendant Anderson conducted plaintiff's disciplinary hearing but did not allow plaintiff to present documentary evidence of the VSP's policies. *Id.* at 8.

Plaintiff further alleges that taking the medical vest "would violate his religious beliefs." *Id.* at 10. "Taking the 'vest' would force [plaintiff] to willingly lie about his actual medical need." *Id.*

## II. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). The court must construe an unrepresented litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

---

[1] We draw the following facts from plaintiff's first amended complaint, ECF No. 15, and accept them as true for screening purposes.

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

### III. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Plaintiff attempts to frame his amended complaint as alleging cruel and unusual punishment, a due process violation, and a violation of his right to free exercise of religion. However, the core of plaintiff's complaint is simply that he disagrees with a prison policy requiring him to wear a vest, and he is unhappy that his refusal to follow this policy has resulted in some loss of privileges. Plaintiff's allegations, liberally construed, do not allege the deprivation of any right secured by federal law. *See* 42 U.S.C. § 1983; *see also Soul v. Clark*, No. 1:08CV00490LJOSMSPC, 2008 WL 4507556, at *3 (E.D. Cal. Oct. 7, 2008) ("The requirement that Plaintiff wear a vest does not violate the Eighth Amendment and the imposition of

progressive discipline for refusing to wear the vest does not violate the First Amendment."), *report and recommendation adopted*, No. 108-CV-00490-LJO-SMS-PC, 2009 WL 605382 (E.D. Cal. Mar. 9, 2009). Plaintiff has been given an opportunity to amend his complaint but has not cured the deficiencies described in our previous order. *See* ECF No. 14. Further amendment would be futile because the deficiencies in plaintiff's complaint could not be cured. Therefore, plaintiff's complaint should be dismissed with prejudice.

**IV.     ORDER**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**V.     FINDINGS AND RECOMMENDATIONS**

The undersigned has screened plaintiff's complaint and finds that plaintiff has failed to state a claim against any defendant. We recommend that the court dismiss the case with prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     May 6, 2019                                     _____
                                                           UNITED STATES MAGISTRATE JUDGE

No. 204

4

5